CHAPTER 13 BANKRUPTCY
JOSEPH E. THORRICK
Docket No. 2018-

FILED
JEANNE A. NAUGHTON, CLERK
AUG - 5 2018
U.S. BANKRUPTCY COURT
TRENTON, NJ
BY_____DEPUTY

ATTACHMENT FO CHAPTER 13 PLAN and MOTIONS

### Part 7(a). Motion to Avoid Liens Under 11.W.S.C. Section 522 (f)

The Creditor is MTGLQ Investors, LLC, who acquired a Default Judgment against the Defendant named as Michael F. Delaney under Civil Docket No. F-034723-15. Joseph Thorrick was listed as an additional Defendant.

Petitioner/Thorrick purchased the real property known as 4311-B Mediterranean Avenue Wildwood, N.J. 08260 on or about august 12, 2012 directly from the builder, Mr. Delaney.

At the time of purchase there didn't exist any litigation against Mr. Delaney such as a Lis Pendens in a Foreclosure Action. A check of the Recorder of Deeds in Cape May County confirmed the same.

Defendant/Debtor did not sign any Mortgage or Note recorded against him by the Plaintiff FANNIE MAE, successor in interest. The record shows that the moving party MTGLQ purchased the Mortgage from the originator.

As a result of the litigation, Defendant Thorrick,Debtor received a Judgment against him in the amount of approximately $600,000.00 along with Mr.Delaney and others. The subje ct Real Property is Defendant/Debtors residence and has been for approximately five years.

The current Market Value of the referenced property is $150,000.00.

Debtor's plan is to ask Your Honorable Court to Dismiss the Judgment entered against him as the Mortgage against it is not his. In addition and together Debtor requests this Court to Discharge the debt against the Real Property so as to allow Debtor to use the collateral which he has built since his purchase to be used to make payments toward his unsecured debt.

### Part 7(b) Motion to Avoid Liens and Reclassify from Secured to Completely Unsecured.

The lien obtained in this matter was entered on January 19, 2018 under the heading labeled 4309-4311 Mediterranean Avenue Condominium Association, Inc. in Superior Court Docket No. DCM-001795-17 in a Summary Judgment. Said Judgment was entered two days prior to a scheduled hearing whereby Defendant was to supply evidence and question the Plaintiff under oath. The documents entered in the suit from the Plaintiff referenced a Corporation licensed in the State of New Jersey. No such documents existed and the Plaintiff did not produce any. So, therefore Defendant's first objection to the Complaint was "LACK OF CAPACITY TO SUE" as the alleged Plaintiff did Not exist. Defendant's second objection was that the "Association" did not exist since it never became a legal entity of any kind because the Homeowners were required to vote as a Quorum to pass an election to establish.

The third matter of objection was the fact that the Plaintiff committed various Frauds by claiming to be a legal representative of a Corporation which did not exist. This was don by Affidavit prepared by the Plaintiff's Counsel.

The fourth objection entered was the fact that the Plaintiff was required to be an owner of one of four condominiums. His documents showed his as an individual even though the Legal owner of his Condominium was "Peff Jam LLC" a limited liability company.

Defendant/Debtor immediately upon receipt of the Summary Judgment entered an Appeal in the Appellate Court of New Jersey on February 1, 2018 under Docket No. _____.

**Part (b) second item**

The Creditor referenced is the Wildwood Fire Dept. who recorded a lien on the subject Real Property for Code Violations entered against the Builder/Defendant Michael F. Delaney. Debtor, did in fact, pay the City for various infractions which were made while he became the owner of the property.

Respectfully submitted;

By: _____
Joseph E. Thorrick, Debtor

Dated: August 29, 2018

| In Re: | Case Number: |  |
| --- | --- | --- |
|  | Hearing Date: |  |
|  | Judge: |  |
|  | Chapter: | 13 |

| Recommended Local Form: | ☐ Followed | ☐ Modified |
| --- | --- | --- |

## ORDER TO AVOID LIEN(S) IN A CHAPTER 13 CASE
## PURSUANT TO 11 U.S.C. § 522(f)

The relief set forth on the following page is **ORDERED.**

| UNITED STATES BANKRUPTCY COURT |
| DISTRICT OF NEW JERSEY |
| Caption in Compliance with D.N.J. LBR 9004-1(b) |

In Re:

Case Number: _____

Hearing Date: _____

Judge: _____

Chapter: 13

Recommended Local Form:   ☐ Followed   ☐ Modified

## ORDER TO AVOID LIEN(S) IN A CHAPTER 13 CASE
## PURSUANT TO 11 U.S.C. § 522(f)

The relief set forth on the following page is **ORDERED**.

This matter was presented to the Court by the debtor on a Motion to Avoid Judicial Lien(s) on the property described as  4311-B MEDITERRANEAN AVE., WILDWOOD, N.J. 08260 and it is hereby

ORDERED that the following judicial lien(s) is (are) avoided (list liens):  DC-01795-17

1.  4309-4311 MEDITERRANEAN AVE N/O ASSN.

2.  MIGLQ INVESTORS L.P.  F-034783-15

3.  _____

and it is hereby further

ORDERED that the debtor may avoid the above referenced lien(s) and have same canceled of record as to the property, provided the debtor is granted a discharge in this chapter 13 case or in a succeeding Chapter 7 case in the event of conversion to Chapter 7 under Title 11 of the United States Code.

rev.8/1/15

2